CHARLES L. ARNOLD ET AL.

v.

GEORGE H. TOBEY ET AL.

1. SALE—BURDEN OF PROOF.—To entitle a plaintiff to recover for goods sold and delivered, it is incumbent upon him to prove the sale as well as the delivery. As to both facts the burden of proof is upon him. So, where plaintiffs sued for good sold and delivered, and defendants claimed that, as to part of the goods, they were delivered for sale upon commission, the burden is upon the plaintiffs to prove a sale.

2. DELIVERY.—A delivery is quite as consistent with a bailment as with a sale, and an instruction that relieves the plaintiffs from affirmative proof of a sale, where the delivery is admitted, is erroneous.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed April 27, 1880.

This was an action of assumpsit, brought by George H. Tobey and William L. Pierce, to recover the price of certain merchandise alleged to have been sold and delivered by them to Charles L. Arnold and Eliphalet N. Tillotson, the defendants. The plaintiffs filed their declaration, consisting of the common counts only, to which the defendants pleaded the general issue. On the trial before the court and a jury, the plaintiffs recovered a verdict for ·$543.41, for which sum, and costs, judgment was rendered against the defendants. The principal controversy turned upon the question whether, as to a portion of said merchandise the transaction between the parties was a sale to the defendants, or merely a consignment to them for sale on commission.

On the part of defendants it was admitted that they had received from the plaintiffs the goods in question, and thereupon the plaintiffs gave evidence tending to show the sale of said goods to the defendants, while on the other hand, the defendants gave evidence tending to show that a part of their business was that of commission merchants, and that a portion of said goods were merely delivered to them by the plaintiffs for

Arnold v. Tobey.

sale on commission.    On this state of the evidence, the court gave to the jury, at the instance of the plaintiffs, the following instruction:

"The jury are instructed that the defense that part of the goods in controversy were consigned to the defendants upon commission is, if the plaintiffs prove the delivery of the goods to the defendants, an affirmative defense; and defendants, to maintain the same, must do so by a preponderance of evidence, and if the jury find the evidence on that point to be equally balanced, they will find the issues for the plaintiffs so far as said goods claimed to be received on commission are concerned.    But if the only proof of delivery is the admission by the defendants, and that admission is qualified by the statement that they were received on commission, then the burden is on the plaintiffs to satisfy the jury that they were sold to the defendants and delivered to them to be sold on commission, in order to entitle them to recover therefor."

The only error assigned by the appellants, and now urged by them as a ground for reversing the judgment is the giving of the foregoing instruction.

Mr. FRANK BAKER and Mr. VICTOR MORAWETZ, for appellants; that the burden of proof was upon plaintiffs to show a sale, cited Taylor on Ev. 365; Wharton on Ev. § 357; Wilder v. Coles, 100 Mass. 488; Heineman v. Heard, 62 N. Y. 448; Powers v. Russell, 13 Pick. 76; 1 Greenl. Ev. § 74; Central Bridge Co. v. Butler, 2 Gray, 130; Morgan v. Nurse, 13 Gray, 150; Lamb v. Camden & Amboy R. R. Co. 46 N. Y. 271; Caldwell v. N. J. Steamboat Co. 47 N. Y. 290.

BAILEY, P. J.    To entitle a plaintiff to recover for goods sold and delivered, it is incumbent upon him to prove the sale as well as the delivery.    As to both facts, the burden of proof rests upon him.    Nor does the mere fact of delivery, when proved, raise any presumption of sale.    Delivery is quite as consistent with a bailment as with a sale, and no more establishes one than it does the other.    A plaintiff, then, in order to a recovery, must not only prove that the goods were delivered

to the defendant, but that the transaction was a sale, and not otherwise.

The instruction complained of in this case, in effect, relieved the plaintiff from the burden of making any affirmative proof, in the first instance, that the goods in question were sold to the defendants. It laid down the proposition, in substance, that if the delivery was proved, then, as the defendants were insisting that they had received a portion of the goods for sale on commission, the burden of proving that such was the trans-action rested on them, and that if they failed to make such proof, then, as to the goods in relation to which such claim was set. up, the jury should find the issues for the plaintiffs. Here, as will be perceived, the only affirmative fact which the plain-tiffs were required to prove in order to a recovery was the delivery. This, coupled with a failure by the defendants to establish this particular defense, was all the instruction held to be necessary to entitle the plaintiffs to a verdict.

We see no basis for the claim that the defendant, by setting up this defense, relieved the plaintiffs from the burden of any proof which they would have been required to make had such defense not been made. It was not a defense in the nature of a confession and avoidance, but was only tantamount to a trav-erse of the plaintiff's allegation that the goods had been sold. It undoubtedly was an assertion of new and distinct facts, but such facts were material only so far as they tended to establish the negative of the proposition upon which alone the plaintiffs could recover, namely, that the transaction with the defendants was a sale of the goods.

The burden of proving any fact lies upon the party who sub-stantially asserts the affirmative of the issue. The true test by which to determine where the burden of proof lies, is to con-sider which party would be entitled to succeed if no evidence were offered on either side, for the burden of proof lies on the party against whom, in such case, the verdict ought to be given. Here the real issue was as to whether there had been a sale, and the evidence offered tending to prove a consignment for sale on commission, was material only as it tended to prove the negative of that issue. The burden of proof, then, was

clearly on the plaintiffs, and the instruction to the contrary was erroneous.

For the error in giving said instruction, the judgment will be reversed and the cause remanded.

Judgment reversed.